IN THE CIRCUIT COURT FOR PRINCE GEORGES COUNTY

| | |
|---|---|
| Patrice Brown,<br>8320 Deborah St<br>Clinton, MD 20735       Plaintiff | *<br>*<br>* |
| v. | *    CASE NO. CAL 20-07093 |
| | * |
| GENERAL MOTORS, LLC,<br>300 Renaissance Center<br>Detroit, MI 48265       Defendants | *<br>*<br>* |
| CSC Lawyers Incorporating Serv Co.<br>7 St. Paul Street #820<br>Baltimore, MD 21202 | * * * * * * * |

## COMPLAINT AND DEMAND FOR JURY TRIAL

Plaintiff, Patrice Brown ("Plaintiff") brings this action individually, as she purchased the Chevrolet Camaro SS 2015 ("Class Vehicles") in the United States that were designed, manufactured, distributed, marketed, sold and leased by defendants General Motors, LLC ("Defendants"), and Plaintiff hereby alleges the following:

### INTRODUCTION

1. Plaintiffs purchased a brand new vehicle manufactured by General Motors ("GM"), a 2015 Chevrolet Camaro SS ("Vehicle Class"), in September 2015.

2. This vehicle was equipped with a defective Airbag and Plaintiff was neither aware of the Airbag Defect, nor was she informed by her Dealership, my salesman, agents/representatives of GM, or the Defendants ("GM"), at any point during defendants ownership and operation of her vehicle.

3. General Motors ("GM") was aware of the defective Airbags in this Vehicle Class, but never reached out to notify the Plaintiff or direct and/or ensured one of their agents notified the Plaintiff of this potentially deadly Airbag Defect.

4. In fact, the Plaintiff only found out that there was a recall on the Airbags in the Chevrolet Camaro 2015, after her specific purchased vehicle's Airbag system malfunctioned (causing the PlaIntiff severe injuries, damages, and loss.

5. GM has not disclosed the Airbag Defect to purchasers or lessees, like Plaintiff, at the point of purchase or through advertisements. Such disclosures would have impacted purchase decisions and purchase price. GM's omissions artificially inflated the market price for the Subject Vehicles equipped with defective airbags. GM could have and should have warned consumers about the Airbag Defect through advertisements, on its website, and through communications from its authorized dealers. However, GM failed to do so.

6. Plaintiffs are informed and believe, and based thereon allege, that Defendants knew that the Class Vehicles are defective and not fit for their intended purpose of providing consumers with safe and reliable transportation. Nevertheless, Defendants actively concealed the Airbag Defect from the Plaintiff, the other buyers, and other lessees, by failing to disclose it to them, at the time of purchase or lease and at any time thereafter. Had Plaintiff known about the Airbag Defect, she would not have purchased the Class Vehicle. As a result of their reliance on Defendant's omissions and/or misrepresentations, owners and/or lessees of the Class Vehicles have suffered ascertainable loss of money, property, and/or loss in the value of their Class Vehicles.

7. Plaintiff has experienced harm, injury, loss, suffering actual damages, all directly as a result of her vehicle's Airbag Defect causing her vehicle's Airbag system to malfunction and not operated; occurring before the expected useful life of the Class Vehicles has run.

8. Under the Transportation Recall Enhancement, Accountability and Documentation Act ("TREAD Act") and its accompanying regulations, when a manufacturer learns that a vehicle contains a safety defect it must promptly and accurately notify the vehicle owners as well as the Secretary of Transportation. 49 U.S.C. § 30118(c). Defendants violated and continues to violate the TREAD Act by failing to disclose the true nature and extent of the Airbag Defect, and by failing to offer an adequate remedy for all manifestations of the Defect. Defendant's violations of the TREAD Act also constitute violations of California's Unfair Competition Law (California Business & Professions Code § 17200, et seq.) and California's Consumers Legal Remedies Act (California Civil Code § 1750, et seq.).

9. The TSBs discussed herein were not disseminated to owners and lessees of the Class Vehicles.

## JURISDICTION

This Court has jurisdiction over Defendant because it is registered to conduct business in Maryland, has sufficient minimum contacts with Maryland, and/or otherwise intentionally avails itself of the markets within Maryland, through the promotion, sale, marketing, and distribution of its vehicles in Maryland, so as to render the exercise of jurisdiction by this Court proper and necessary.

## VENUE

Venue is proper in this District 1) because Plaintiff Patrice Brown was a resident of Annapolis, MD, which is located within this judicial district, at the time she purchased her Class Vehicle through February 2020. On information and belief, Defendant has approximately fifteen dealerships located within this judicial district at which hundreds or thousands of buyers and lessees, like Ms. Brown, purchased and serviced their Class Vehicles.

## FACTUAL ALLEGATIONS

For years, Defendant has designed, manufactured, distributed, sold and leased the Class Vehicles. Upon information and belief, it has sold, directly or indirectly through dealers and other retail outlets, many thousands of Class Vehicles in California and nationwide.

10. The Airbag Defect can cause the front passenger frontal airbag to fail to deploy when it otherwise should. Numerous owners have reported their airbag warning lights turning on and off when a passenger is seated in the vehicle, indicating that the airbag may fail to deploy in a crash. Some owners have reported their service airbag light illuminating. As a result of the Airbag Defect, numerous owners have found it necessary to replace the right front passenger airbag sensor and/or other component parts at considerable expense. The Airbag Defect has been documented to occur under a variety of driving conditions, and presents a grave safety hazard because it can cause the right front passenger frontal airbag to fail to deploy in the event of a crash, resulting in serious injury or death.

11. Plaintiffs are informed and believe, and based thereon allege, that as early as 2010, if not before, Defendant acquired its knowledge of the Airbag Defect through sources not available to Plaintiffs and Class Members, including, but not limited to, pre-production testing, pre-production design failure mode and analysis data, production design failure mode and analysis data, early consumer complaints made exclusively to Defendant's network of dealers and directly to Defendant, aggregate warranty data compiled from Defendant's network of dealers, testing conducted by Defendant in response to consumer complaints, and repair order and parts data received by Defendant from Defendant's network of dealers.

12. Defendant had and has a duty to disclose the Airbag Defect and the associated repair costs to Class Vehicle owners, among other reasons, because the Defect poses an unreasonable safety hazard; because Defendant had and has exclusive knowledge and/or access to material facts about the Class Vehicles and their airbag systems that were and are not known to or reasonably discoverable by Plaintiffs and other Class Members; and because Defendant has actively concealed the Airbag Defect from its customers.

13. Hundreds, if not thousands, of purchasers and lessees of the Class Vehicles have experienced the Airbag Defect. Complaints filed by consumers with the NHTSA and posted on the Internet, which on information and belief Defendant actively monitors, demonstrate that the Airbag Defect is widespread and dangerous. The complaints also demonstrate Defendant's awareness of the Defect and how dangerous it is. The following are examples of consumer complaints filed with the NHTSA (note that spelling and grammatical errors remain as found in the original):Failed to disclose and/or actively concealed, at and after the time of purchase or repair, that the Class Vehicles and their airbag systems were not in good working order, were defective, and were not fit for their intended purpose; and

c. Failed to disclose and/or actively concealed, at and after the time of purchase or repair, the fact that the Class Vehicles and their airbag systems were defective, despite the fact that Defendant learned of such defects as early as 2010, if not before.

14. Defendant has caused Plaintiffs and the other Class Members to expend money at its dealerships or other third-party repair facilities and/or take other remedial measures related to the Airbag Defect contained in the Class Vehicles.

15. Defendant has not recalled the Class Vehicles to repair the Airbag Defect, has not offered to its customers a suitable repair or replacement of parts related to the Airbag Defect free of charge, and has not offered to reimburse Class Vehicle owners and leaseholders who incurred costs for repairs related to the Airbag Defect.

16. Class Members have not received the value for which they bargained when they purchased or leased the Class Vehicles.

17. As a result of the Airbag Defect, the value of the Class Vehicles has diminished, including without limitation the resale value of the Class Vehicles. Reasonable consumers, like Plaintiffs, expect and assume that a vehicle's airbag system is not defective and will not place vehicle occupants at risk of catastrophic injury. Plaintiffs and Class Members further expect and assume that Defendant will not sell or lease vehicles with known safety defects, such as the Airbag Defect, and will disclose any such defect to its customers prior to selling or leasing the vehicle, or offer a suitable repair. They do not expect that Defendant would fail to disclose the Airbag Defect to them, and continually deny the defect.

## TOLLING OF THE STATUTE OF LIMITATIONS

18. Although Defendant was aware of the widespread nature of the Airbag Defect in the Plaintiff was not reasonably able to discover the Airbag Defect until after purchasing the Class Vehicle and the vehicle Airbag Defect preventing the Airbag from functioning as intended, directly causing the Plaintiff to suffer serious injuries from the Defective Airbags malfunctioning.

19. Plaintiffs could not reasonably have been expected to learn of or discover that she had been deceived about the defective state of her vehicle's airbag system and that material information concerning this vehicle she purchased had been concealed from her. Therefore, the discovery rule is applicable to the claims asserted by Plaintiffs.

20. In addition, even after Plaintiffs became aware that her purchased vehicle likely had a malfunctioning Airbag, she contacted Defendant and/or its authorized agents for vehicle information and compensation concerning the defective nature of the Class Vehicles and its airbag system, and Plaintiffs was routinely told by Defendant directly and/or through its authorized agents for vehicle repairs that the Class Vehicles are not defective.

21. Any applicable statute of limitation has also been tolled by Defendant's knowledge, active concealment, and denial of the defective nature of the Class Vehicles and their airbag systems.

## CAUSE OF ACTION(S)

<<>>

## RELIEF REQUESTED

WHEREFORE, Plaintiff request judgment against the Defendant for herself as follows:

A. Certification of the requested Classes pursuant to Fed. R. Civ. P. 23(b)(2) and 23(b)(3);

B. Restitution of all charges paid by Plaintiffs;

C. Disgorgement to Plaintiff of all monies wrongfully obtained and retained by Defendant;

D. An award to Plaintiff of compensatory, exemplary, and including interest, in an amount to be proven at trial;

E. Statutory damages, penalties, treble damages, as provided by law;

F. Prejudgment interest commencing on the date of payment of the charges and continuing through the date of entry of judgment in this action;

G. Costs and fees incurred in connection with this action, including attorney's fees, expert witness fees, and other cost as provided by law;

H. Equitable Relief;

I. Punitive Damages;

J. Leave to amend the Complaint to conform to the evidence produced at trial;

K. Any and all remedies that the courts deem legally necessary for the safe operation of and safety of all buyers, lessees, and operators of these Class Vehicles;

L. Granting such other relief as the Court deems proper, under the circumstances.

## JURY TRIAL DEMAND

Plaintiffs hereby request a jury trial for all issues so triable.

DATED this 20th Day of February, 2020.

Respectfully submitted,

Signature

Patrice Brown
8320 Deborah Street
Clinton, MD 20735
703-646-6403

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this __20__ day of __February__, 20__20__, a copy of the __General Motors LLC__ was mailed by first-class mail, postage prepaid, to:

Respectfully submitted,

_____
Signature

Patrice Brown
8320 Deborah Street
Clinton, MD 20735
703-646-6403

_____
Signature

CSC Lawyers Incorporating Service Co
7 St. Paul Street #820
Baltimore, MD 21202

Resident agent for General Motors LLC
300 Renaissance Center, Detroit MI 48265
Name, Address, and Telephone Number