IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND
Southern Division

|  |  |
|---|---|
| **PATRICE BROWN,** | \* |
|  | \* |
| Plaintiff, | \* |
| v. | Case No.: GJH-20-1161 |
|  | \* |
| **GENERAL MOTORS, LLC,** | \* |
|  | \* |
| Defendant. | \* |

\* \* \* \* \* \* \* \* \* \* \* \* \*

**MEMORANDUM OPINION AND ORDER**

Plaintiff Patrice Brown, proceeding *pro se*, brought this civil action in the Circuit Court for Prince George's County on February 21, 2020, alleging defects in certain airbags contained in vehicles manufactured by Defendant General Motors, LLC ("GM"). ECF No. 3. Defendant subsequently removed the case to this Court. ECF No. 1. On May 12, 2020, Defendant filed a Motion to Dismiss. ECF No. 7. A Rule 12/56 notice was mailed to Plaintiff the following day, ECF No. 8, but Plaintiff has not filed a response. For the following reasons, Defendant's motion is granted.

Defendant moves to dismiss Plaintiff's Complaint under Federal Rule of Civil Procedure 12(b)(6). ECF No. 7 at 1. Rule 12(b)(6) permits a defendant to present a motion to dismiss for failure to state a claim upon which relief can be granted. *See* Fed. R. Civ. P. 12(b)(6). To survive a motion to dismiss invoking 12(b)(6), "a complaint must contain sufficient factual matter, accepted as true, 'to state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to

draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 663. "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.* at 678; *Twombly*, 550 U.S. at 555 (stating that "a plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of a cause of action's elements will not do"). Pleadings of self-represented litigants must be accorded liberal construction. *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007); *Gordon v. Leeke*, 574 F.2d 1147, 1151 (4th Cir. 1978). However, liberal construction does not mean a court can ignore a clear failure to allege facts that set forth a cognizable claim. *See Weller v. Dep't of Soc. Servs.*, 901 F.2d 387, 391 (4th Cir. 1990); *see also Bey v. Shapiro Brown & Alt, LLP*, 997 F. Supp. 2d 310, 314 (D. Md. 2014), *aff'd*, 584 F. App'x 135 (4th Cir. 2014).

In the Complaint, Plaintiff alleges that GM was aware of defective airbags in a particular vehicle class, the 2015 Chevrolet Camaro SS, but that GM did not disclose the defect to purchasers or lessees. ECF No. 3 ¶¶ 1, 3, 5. Plaintiff alleges GM's actions violated the Transportation Recall Enhancement, Accountability and Documentation Act ("TREAD Act"), 49 U.S.C. § 30118(c), and its accompanying regulations, which require that manufacturers promptly and accurately notify the vehicle owners as well as the Secretary of Transportation of safety defects. *Id.* ¶ 8. Plaintiff further alleges that GM's violations of the TREAD Act also constitute violations of California's Unfair Competition Law (California Business & Professions Code § 17200 *et seq.*) and California's Consumers Legal Remedies Act (California Civil Code § 1750 *et seq.*). *Id.* But Plaintiff has not specified any causes of action in her Complaint, leaving that section entirely blank. *See id.* at 5.

Although the Court is mindful of the liberal pleading standard afforded self-represented litigants, it will refrain from stepping into Plaintiff's shoes to craft causes of action where Plaintiff did not state them. *See Abram v. Aerotek, Inc.*, No. CV ELH-20-756, 2020 WL 5653210, at *5 (D. Md. Sept. 23, 2020) ("[A] federal court may not act as an advocate for a self-represented litigant" or "fashion claims for a plaintiff because he is self-represented."). In light of Plaintiff's *pro se* status, however, the Court will grant Plaintiff twenty-one (21) days in which to file an amended complaint. Plaintiff is reminded that the amended complaint must comply with Federal Rule of Civil Procedure 8, which requires that a pleading contain "a short and plain statement of the claim showing that the pleader is entitled to relief" and for each allegation to be "simple, concise and direct." Fed. R. Civ. P. 8(a)(2); Fed. R. Civ. P. 8(d)(1). The Plaintiff is also directed to comply with Federal Rule of Civil Procedure 11 as well as Local Rule 103.6, which requires, among other things, that a party file an original copy of the pleading to be amended, along with a redline copy of the amended pleading in which "stricken material has been lined through or enclosed in brackets and new material has been underlined or set forth in bold-faced type," Loc. R. 103.6(c) (D. Md. 2018). In addition, Plaintiff is reminded that she must name all parties she intends to sue in the amended complaint, and it is not sufficient to merely ask for summonses for additional defendants.

Accordingly, it is hereby ordered by the United States District Court for the District of Maryland that:

1. Defendant's Motion to Dismiss, ECF No. 7, is **GRANTED**;

2. Plaintiff **SHALL** file an amended complaint within **21 DAYS** of the issuance of this Order that addresses the deficiencies of the original complaint warranting dismissal;

3. Failure to file a proper amended complaint within 21 days will result in **DISMISSAL** of this case; and

4. The Clerk shall mail a copy of this Opinion and Order to the Plaintiff.

Date: <u>January 29, 2021</u>                         ___/s/_____
                                                      GEORGE J. HAZEL
                                                      United States District Judge